# ATTACHMENT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION No. 2284 CV 00983

| | |
|---|---|
| JOSE MARTINEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MATTHEW LESLIE; GLENN MALLEY; | ) |
| ROBERT IMPEMBA; CITY OF | ) |
| REVERE; and JOHN and/or JANE DOES | ) |
| 1-10, | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT FOR DAMAGES

### Introduction

1.  This is an action to redress the excessive and unlawful use of force and false
    arrest and imprisonment by Defendant Matthew Leslie against Plaintiff Jose
    Martinez, with the direct participation, encouragement, and acquiescence of
    Defendant Leslie's supervisors, Defendants Glenn Malley and Robert Impemba,
    of the City of Revere's Police Department, *inter alia,* and the consequent
    deprivation under color of statutes, ordinances, regulations, customs, policies,
    practices, and/or usages of rights, privileges, and immunities secured to Plaintiff
    by the Articles I, VI, and XII of the Massachusetts Constitution, Declaration of
    Rights, M.G.L. c. 12, §§ 11H and 11I, and the Fourth, Fifth, Ninth, and Fourteenth
    Amendments to the Constitution of the United States, and 42 U.S.C. §§ 1983 and
    1988, et seq., and state tort law, inter alia, MGL. c. 231A, and damages. Plaintiff
    alleges that Defendants negligently failed to train and supervise Defendant

Matthew Leslie, and directly participated in the false arrest and imprisonment of Plaintiff, thereby causing the violations of Plaintiff's Commonwealth and Federal constitutional rights, and seeks tort damages from the Commonwealth of Massachusetts pursuant to M.G.L. c. 258.

## Parties

2.   Plaintiff Jose Martinez resides at 46 Wave Avenue, Revere, Suffolk County, Massachusetts [hereinafter "Plaintiff Martinez"].

3.   Defendant Matthew Leslie is and was at all times relevant to this Complaint a police officer employed by the City of Revere, Massachusetts [hereinafter "Defendant Leslie"] and, upon information and belief, a resident of Massachusetts.  He is sued in his individual capacity.

4.   Defendant City of Revere is a duly incorporated entity within the Commonwealth of Massachusetts, located at 281 Broadway, Revere, Suffolk County, Massachusetts 02151, and the employer, through its Police Department, located at 400 Revere Beach Pkwy, Revere, MA 02151, of the individual defendants named herein.

5.   Upon information and belief, Defendant Glenn Malley [hereinafter "Defendant Malley"] is a resident of Massachusetts and was, at all relevant times herein, a Lieutenant with the City of Revere Police, who actively supervised Defendant Leslie during the incident in question, and otherwise with responsibility for supervising the implementation of the training of Revere Police Officers, including Defendant Leslie, for the use of force and restraints, and the discipline imposed for its unauthorized use.  He is sued in his individual capacity.

6.   Upon information and belief, Defendant Robert Impemba [hereinafter "Defendant
     Impemba"] is a resident of Massachusetts and was, at all relevant times herein, a
     Lieutenant with the City of Revere Police, who actively supervised Defendant Leslie
     during the incident in question, and otherwise with responsibility for supervising the
     implementation of the training of Revere Police Officers, including Defendant Leslier,
     for the use of force and restraints, and the discipline imposed for its unauthorized
     use.  He is sued in his individual capacity.

7.   Defendants John and/or Jane Does 1-10 [hereinafter "Doe Defendants"] are
     administrators, supervisors, police officers, and/or other employees and/or staff of
     the City of Revere Police Department, whose true names and capacities are as yet
     unknown to Plaintiff and his counsel despite inquiry and due diligence, who acted
     and/or failed to act herein as more particularly alleged below. The Doe Defendants
     are sued herein in both their official and their individual capacities. The true names
     and capacities of the Doe Defendants will be substituted through a Motion to Amend
     the Complaint as they become known.

### Factual Allegations

8.   On Tuesday, 26 November 2019, at about 5 pm, Mr. Martinez arrived home from a 9-
     hour shift as a landscaper, to 46 Wave Avenue, Revere, Suffolk County,
     Massachusetts.  The following allegations are to be construed to happen at and about
     this time, unless otherwise indicated.

9.   Plaintiff Martinez was sitting in his car, while pulled up lawfully on the street outside
     the residence.

10.  Plaintiff Martinez had stayed in the car for a short while because he was reading an
     e'mail message that he had received from one of his college professors, to which he

3

needed to reply.

11.     Plaintiff Martinez saw a police car with its emergency lights on behind the parked car
        in which he was sitting.

12.     An officer, Defendant Matthew Leslie, from Revere Police Department approached
        Mr. Martinez and asked for his license and registration.

13.     In the moment, as Mr. Martinez was confused by the request, as he merely was
        sitting in a parked car, he politely asked the officer, Defendant Matthew Leslie, "may
        I know why?"

14.     Defendant Leslie, instead of explaining the reason for the stop, said, "once I have it, I
        will tell you."

15.     When Mr. Martinez requested to record the encounter on his telephone, Officer
        Leslie refused and ordered Plaintiff not to do so.

16.     Defendant Leslie never read Mr. Martinez his *Miranda* rights during the incident by
        the car.

17.     Important to this scenario is that Plaintiff Martinez's brother, Mario Martinez,
        already was in custody for over a year and was in the process of being deported to El
        Salvador by federal authorities.

18.     Plaintiff Martinez was very aware of his brother's predicament, as other Police
        officers had stopped his car numerous times previously, but without incident once
        those officers discovered, with reasonable and polite due diligence, that Plaintiff Jose
        Martinez was not Mario Martinez.

19.     Whenever Plaintiff Martinez had been stopped by competent, well-trained officers,
        the first question was "do you own this car?" When he explained whose car it was,
        and showed his identification, he would be on his way, without incident.  Not only

4

was reasonable due diligence and police procedure not followed in this instance, but excessive force was used in the arrest; no force was needed under the circumstances, regardless of who the officers unreasonably thought he may have been.

20.   At all points during the incident, Mr. Martinez's hands were in view, and no threatening gestures ever were made, or reported to be made, by Mr. Martinez towards the officer.

21.   It was Defendant Leslie who, from the beginning, had his hand on his revolver in a threatening manner, instilling in Plaintiff Martinez a great amount of fear, as no other officer ever had approached him in such way under similar, or any, circumstances in which he was a part.

22.   After being ordered out of the vehicle by Defendant Leslie, when Plaintiff Martinez tried to exit his vehicle, first by rolling back up his window in preparation for getting out and unbuckling his seat belt, Defendant Leslie reached through the window, grabbed Plaintiff Martinez by the bandana around his neck, choking off his air supply, yelling, "OPEN THE DOOR, OPEN THE DOOR!"

23.   Plaintiff Martinez choked out "Sir, I can't breathe," while Defendant Leslie's hands were choking him.

24.   When Plaintiff Martinez finally was able to unlatch the door, Defendant Leslie grabbed Plaintiff Martinez by the neck and front, threw him to the pavement, injuring Plaintiff Martinez's knees, and slammed him face down, thrusting his foot on Plaintiff Martinez's back, and hand-cuffing him.

25.   Plaintiff Martinez pleaded with Defendant Leslie that he just had injured his back, which restricted his ability to get out of the car quickly or smoothly, and Defendant Leslie was injuring it further.

5

26. Even though Plaintiff Martinez was hand-cuffed, had made no threatening gestures of any kind, for the entire time during which it took police back-up to arrive, Defendant Leslie cruelly pressed his foot into Plaintiff Martinez's back, at which point Mr. Martinez screamed that officer Leslie was hurting his back.

27. Defendant Leslie had no probable cause to arrest Plaintiff Martinez.

28. Plaintiff Martinez requested that Defendant Leslie call his supervisors to the scene.

29. Plaintiff Martinez told officer Leslie that his ID was in the trunk of his car.

30. Once back-up arrived, the other officers, including but not limited to Defendants Malley and Impemba, and a Sergeant Jarrod Trovato, also without any reasonable suspicion or probable cause, turned out the interior of Plaintiff's car without Plaintiff Martinez's permission.

31. Finally, Defendants checked the trunk of the car because Plaintiff Martinez told both Defendant Leslie and the later arriving officers/Defendants where his ID was.

32. Defendants found Plaintiff Martinez's identification where he said that it would be, which included his driver's license, social security card, credit/debit cards, and other ID's related to his work as a translator.

33. Also in the car, the police easily found documents for Mr. Martinez's brother, for comparison.

34. Upon finding documents about Mario Martinez, the supervising officer, Defendant Malley and/or Defendant Impembo asked "where is Mario?" to which Plaintiff Martinez responded that Mario was his brother who had been in custody for over a year, and likely was being deported by the federal authorities even as they spoke.

35. Defendant Malley and/or Defendant Imbembo confirmed this information about Mario Martinez by telephone while at the scene.

36.     After they already verified Plaintiff Martinez's information and knew that he was not
        Mario Martinez, the supervising officer[s], Defendants Glenn Malley and/or Robert
        Impemba said "Ok, Jose, listen I don't know what to do with you, I am trying to
        figure it out and don't know if I should take you in or work something out."

37.     Instead of letting Plaintiff Martinez free because of the evidence of Plaintiff
        Martinez's innocence, seeing that officer Leslie already had stepped over the line in
        his brutal seizure and arrest, the other Defendant officers acted in complicity with
        Defendant Leslie's mistake, and brought Plaintiff Martinez handcuffed to the Revere
        police station.

38.     At the Revere Police Station, Defendants falsely imprisoned Plaintiff Martinez.

39.     At the Revere Police Station, Defendants falsely asserted charges of resisting arrest
        and failure to produce ID upon arrest.

40.     Any and all charges against Plaintiff Martinez related to this incident have been
        dismissed.

41.     Plaintiff Martinez is informed and believe, and thereupon alleges, that Defendants
        instigated charges in order to gain an advantage in any civil rights action that
        Plaintiff likely would initiate.

42.     At all points during the incident, Mr. Martinez's hands were in view, and no
        threatening gestures ever were made, or reported to be made, by Plaintiff Martinez
        towards Defendant Leslie, or any of the Defendants.

43.     It was Defendant Leslie who, from the beginning, had his hand on his revolver in a
        threatening manner, instilling in Plaintiff Martinez a great amount of fear, as no
        other officer ever had approached him in such way under similar, or any,
        circumstances in which he was a part.

7

44. As a direct and proximate cause of Defendant Leslie's actions, Plaintiff Martinez suffered serious physical and emotional injuries.

45. In addition to the severe emotional distress suffered by Plaintiff, including symptoms of post traumatic stress disorder, he physically was injured in his back and knees (could no longer walk straight and his knees shook uncontrollably), requiring x-rays and treatment, among other.  His knees and back were still suffering after five months, and he still has difficulty bending and picking up heavy objects.  He used to be a regular at the gym, but can no longer do his exercise routine without pain and discomfort.  In addition, Plaintiff's car was impounded on the completely false assertion that the car was parked on the sidewalk, as well as being damaged during the incident, for which he needed to expend funds of almost $1,000.00.

46. As a proximate result of this incident and the actions of Defendants Leslie, Malley, and Impemba, *et al*, Plaintiff Martinez has not only endured, and will continue to endure, medical and out-of-pocket expenses as he has endured serious physical and emotional pain and suffering.

47. Plaintiff did not invite, consent to, or otherwise allow or permit any of the Defendants to assault, seize, arrest, or imprison him at any time relevant to this lawsuit.

48. Plaintiff is informed and believes, and thereupon alleges, that Defendants Malley and Impemba, and/or John and/or Jane Does 1-10, failed to supervise Defendant Leslie at the scene and at the Revere Police Station, and otherwise negligently failed to train and supervise Defendant Leslie in the appropriate use of force, seizure, and arrest, and negligently failed to supervise and/or retrain Defendant Leslie, and/or otherwise acquiesced in Defendant Leslie's practice of excessive use of force, unlawful arrest, and unlawful imprisonment.

49.   Plaintiff is informed and believe, and thereupon alleges, that the actions and/or omissions of the Defendants were without reasonable, just, and/or probable cause.

50.   As a direct and proximate result of the foregoing Plaintiff suffered the unjustified loss of his freedom and deprivation of his liberties.

51.   As a direct and proximate result of the foregoing Plaintiff suffered, continues to suffer, and will likely suffer great mental anguish, emotional distress, anxiety, embarrassment, humiliation, worry, and anger in amounts to be proven at trial.

52.   By letter dated and served on 28 September 2021, Plaintiff made demand on the City of Revere for damages pursuant to M.G.L. c. 258, § 4 for negligent acts committed by Defendants Leslie, Malley, and Impemba, *et al.*  To date, Defendant City of Revere has not responded to Plaintiff's c. 258 Demand letter.

## CLAIMS

### First Cause of Action - Massachusetts Civil Rights Act M.G.L. c. 12, 11H and 11I

53.   Plaintiff hereby incorporates all allegations contained in the preceding paragraphs.

54.   Defendant City of Revere and Defendants Leslie, Malley, and Impemba, and other Doe Defendants, in their individual capacities, interfered, or attempted to interfere, by threats, intimidation, and/or coercion, with Plaintiff's exercise of his rights of freedom of speech and to due process of law, including, but not limited to, false arrest and seizure without probable cause, false imprisonment without probable cause, and excessive force in the course of said seizure and arrest, *inter alia.*

55.   As a direct and proximate cause of Defendant Defendants Leslie, Malley, Impemba, and other Doe Defendants' violation of laws as set forth herein, Plaintiff has suffered, and continues to suffer physical injury and severe emotional distress, in amounts in excess of $100,000, the exact amount to be proven at trial.

## Second Cause of Action - 42 U.S.C. § 1983

56.  Plaintiff hereby incorporates all allegations contained in the preceding paragraphs.

57.  This claim for relief is brought against Defendants City of Revere, and Defendants Leslie, Malley, and Impemba, and certain of the Doe Defendants, in their individual capacities for monetary damages, and against all Defendants in their official capacities.

58.  Plaintiff is informed and believes, and thereupon alleges, that Defendant City of Revere and the individual Defendants acted and/or purported to act herein under color of statutes, regulations, customs, practices, and/or usages of the Commonwealth of Massachusetts.

59.  Plaintiff is informed and believes, and thereupon alleges, that by the aforementioned acts and/or omissions of Defendants Leslie, Malley, and Impemba, Plaintiff has been unlawfully denied procedural and substantive due process of law, including, but not limited to, false arrest and seizure without probable cause, false imprisonment without probable cause, and excessive force in the course of said seizure and arrest, inter alia, in violation of rights guaranteed to him by the United States Constitution, 42 U.S.C. Section 1983, and the Constitution and laws of the Commonwealth of Massachusetts, including but not limited to Articles I, VI, and XII of the Massachusetts Declaration of Rights; inter alia.

60.  Plaintiff is informed and believes, and thereupon alleges, that Defendants Leslie, Malley, and Impemba, acted herein knowingly, intentionally, willfully, and/or recklessly, with deliberate indifference for the rights and/or interests and/or well being of Plaintiff, thereby directly and proximately causing injuries in amounts in excess of $100,000.00, the exact amount to be proven at trial.

10

## Third Cause of Action - NEGLIGENT SUPERVISION

61.    Plaintiff hereby incorporates all allegations contained in the preceding paragraphs.

62.    This claim for relief is brought against Defendant City of Revere pursuant to M.G.L. c. 258.

63.    Plaintiff is informed and believes, and thereupon alleges, that Defendants Malley and Impemba, and certain of the Doe Defendants, and/or their predecessors and successors in their respective employment offices, failed and refused to properly train, supervise, and/or discipline Defendant Leslie, thereby proximately causing the aforementioned injuries to Plaintiff.

64.    Plaintiff is informed and believes, and thereupon alleges, that Defendants Malley and Impemba, and certain of the Doe Defendants, acted herein with negligence and/or deliberate indifference to the rights, interests, and well being of Plaintiff, thereby directly and proximately causing injuries in amounts in excess of $1000,000.00, the exact amount to be proven at trial.

## Fourth Cause of Action - ASSAULT AND BATTERY

65.    Plaintiff hereby incorporates all allegations contained in the preceding paragraphs.

66.    This cause of action is brought against Defendant Leslie in his individual capacity only.

67.    Plaintiff is informed and believes, and thereupon alleges, that Defendant Leslie wrongfully assaulted and/or committed a battery upon Plaintiff.

68.    Plaintiff is informed and believes, and thereupon alleges, that Defendant Leslie acted herein knowingly, intentionally, willfully, and deliberately without regard for Plaintiff's rights, interests, or well being, thereby directly and proximately causing injuries in amounts in excess of $100,000.00, the exact amount to be proven at trial.

11

## Fifth Cause of Action - FALSE ARREST AND/OR FALSE IMPRISONMENT

69.    Plaintiff hereby incorporates all allegations contained in the preceding paragraphs.

70.    This cause of action is brought against Defendants Leslie, Malley, and Impemba, and certain of the Doe Defendants, in their individual capacities only.

71.    Defendant Leslie had no probable cause to seize or arrest Plaintiff, and did so maliciously, intentionally, deliberately, and/or recklessly.

72.    Furthermore, in addition to acquiescing directly in Plaintiff's seizure and arrest, despite a known lack of probable cause, Defendants Malley and Impemba facilitated and actively participated and whose actions and omissions were a direct and proximate cause of the false seizure and arrest of Plaintiff.

73.    Plaintiff is informed and believes, and thereupon alleges, that Defendants Leslie, Malley, and Impemba, and certain of the Doe Defendants, acted herein knowingly, intentionally, willfully, and deliberately without regard for Plaintiff's rights, interests, or well being, thereby directly and proximately causing injuries in amounts in excess of $100,000.00, the exact amount to be proven at trial.

## Sixth Cause of Action - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

74.    Plaintiff hereby incorporates all allegations contained in the preceding paragraphs.

75.    This cause of action is brought against Defendants Leslie, Malley, and Impemba in their individual capacities only.

76.    Defendants Leslie, Malley, and Impemba knew or should have known that their conduct would cause severe emotional distress to Plaintiff.

77.    Defendant Leslie, Malley, and Impemba's conduct was outrageous and beyond the bounds of decency.

78.    Plaintiff is informed and believes, and thereupon alleges, that Defendants Leslie,

Malley, and Impemba malevolently, wrongfully, and intentionally caused emotional distress upon Plaintiff.

79. Plaintiff is informed and believes, and thereupon alleges, that Defendant Leslie, Malley, and Impemba acted herein knowingly, intentionally, willfully, and deliberately without regard for Plaintiff's rights, interests, or well being, thereby directly and proximately causing injuries in amounts in excess of $100,000.00, the exact amount to be proven at trial.

## Seventh Cause of Action - MALICIOUS PROSECUTION

80. Plaintiff hereby incorporates all of the allegations contained in the preceding paragraphs.

81. Defendants Leslie, Malley, and/or Impemba instituted one or more prior legal proceeding against Plaintiff.

82. Defendants Leslie, Malley, and/or Impemba instituted one or more prior legal proceeding against Plaintiff, without probable cause.

83. Defendants Leslie, Malley, and/or Impemba instituted one or more prior legal proceeding against Plaintiff with an improper purpose.

84. The prior proceeding referred to herein terminated in favor of Plaintiff.

85. Plaintiff is informed and believes, and thereupon alleges, that Defendants Leslie, Malley, and Impemba, and certain of the Doe Defendants, acted herein knowingly, intentionally, willfully, and deliberately without regard for Plaintiff's rights, interests, or well being, thereby directly and proximately causing injuries in amounts in excess of $100,000.00, the exact amount to be proven at trial.

/

/

13

## Eighth Cause of Action - NEGLIGENCE

86. Plaintiff hereby incorporates all of the allegations contained in the preceding paragraphs.

87. This cause of action is brought against Defendant City of Revere pursuant to M.G.L. c. 258.

88. Plaintiff is informed and believes, and thereupon alleges, that Defendants Leslie, Malley, and Impemba, as employees acting within the course and scope of their duties, acted herein negligently, including but not limited to Defendant Leslie's unlawful seizure and arrest, and failure to appropriately use force, and Defendants Malley and Impemba's, and certain Doe Defendants' failure supervise Defendant Leslie at the scene and failure to train and supervise Defendant Leslie in the appropriate use of, force, constitutes negligence under state tort law and M.G.L. c. 258, *inter alia*, thereby proximately and directly causing the injuries of which Plaintiff complains, in amounts as set forth herein.

WHEREFORE, Plaintiff Jose Martinez prays for relief as follows:

(A) For a Declaration that the actions and/or omissions of Defendants in seizing, arresting, imprisoning, and otherwise using excessive force upon Plaintiff, *inter alia,* with the attendant deprivations, as set forth herein, violate Plaintiff's rights under Articles I, VI, and XII of the Massachusetts Declaration of Rights; Article of Amendment 114 to the Massachusetts Constitution, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and state tort law, *inter alia;*

(B) For general damages against Defendants, and certain of the Doe Defendants, according to the proof thereof at trial, in an amount no less than $100,000.00;

14

(C)     For special damages against Defendants, including lost wages, according to the proof thereof at trial, in an approximate amount of $65,000.00;

(D)     For punitive damages against Defendant Leslie in his individual capacity, in an amount sufficient to deter such practices in the future;

(E)     For the expungement of Plaintiff's related criminal record;

(F)     For reimbursement of Plaintiff's costs and expenses herein, including reasonable provision for his attorneys' fees pursuant to 42 U.S.C. § 1988, and the Massachusetts Declaration of Rights, *inter alia*; and

(G)     For such further and additional relief as the Court deems appropriate and just.

PLAINTIFF CLAIMS A JURY TRIAL ON ALL CLAIMS SO TRIABLE HEREIN.

Respectfully submitted,

Jose Martinez
By his attorney,

Thomas F. Feeney, BBO # 645605
FEENEY & ASSOCIATES AT LAW
11 R South Street, 1st Floor
Rockport, Massachusetts 01966
Mobile: 617-510-2750 [preferred]
Office: 978-309-8337
E'Mail: Thomas@FeeneyatLaw.com

Dated: 25 July 2022